**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MARGARITA CHAMAN, Plaintiff,

v.

CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY, Defendant.

NO. CV 13-6334-E

**MEMORANDUM OPINION**

**PROCEEDINGS**

Plaintiff filed a Complaint on August 29, 2013, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on September 27, 2013.

Plaintiff filed a motion for summary judgment on January 29, 2014. Defendant filed a cross-motion for summary judgment on February 10, 2014. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed September 5, 2013.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former meat grinder,[1] asserted disability based on alleged physical and mental impairments (Administrative Record ("A.R.") 22-473).[2] An Administrative Law Judge ("ALJ") reviewed the record and heard testimony from Plaintiff and from a vocational expert (id.). The ALJ found Plaintiff has certain severe impairments but retains the residual functional capacity to perform a limited range of light work (A.R. 24-26). In reliance on the testimony of the vocational expert, the ALJ determined that a person with this residual functional capacity could perform several jobs that exist in significant numbers in the national economy (A.R. 32-33). The Appeals Council denied review (A.R. 7-10).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401

---

[1] See Dictionary of Occupational Titles § 521-685.214.

[2] At least one page appears to have been omitted from the last document in the Administrative Record, as evidenced by the fact that the document ends in mid-sentence (A.R. 473). Neither party mentions this omission, however, and there is no indication that the omission is in any way material.

(1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

This Court "may not affirm [the Administration's] decision simply by isolating a specific quantum of supporting evidence, but must also consider evidence that detracts from [the Administration's] conclusion." Ray v. Bowen, 813 F.2d 914, 915 (9th Cir. 1987) (citation and quotations omitted); see Lingenfelter v. Astrue, 504 F.3d 1028 (9th Cir. 2007) (same). However, the Court cannot disturb findings supported by substantial evidence, even though there may exist other evidence supporting Plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, 417 U.S. 933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

**DISCUSSION**

After consideration of the record as a whole, Defendant's motion is granted and Plaintiff's motion is denied. The Administration's findings are supported by substantial evidence and are free from material[3] legal error. Plaintiff's contrary arguments are unavailing.

///

///

///

[3] The harmless error rule applies to the review of administrative decisions regarding disability. See McLeod v. Astrue, 640 F.3d 881, 886-88 (9th Cir. 2011); Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

**I. Substantial Evidence Supports the Conclusion Plaintiff Can Work.**

Consultative examining physicians opined Plaintiff retains a physical and mental capacity equal to or greater than the capacity the ALJ found to exist (A.R. 331-36, 344-49). Such consultative opinions can furnish substantial evidence supporting an administrative finding of non-disability. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

The opinions of state agency physicians also largely supported the findings of the ALJ (A.R. 353-72). Where, as here, the opinions of non-examining physicians do not contradict "all other evidence in the record," the ALJ properly may rely on these opinions. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Curry v. Sullivan, 925 F.2d 1127, 1130 n.2 (9th Cir. 1990). The ALJ may not rely solely on the opinions of non-examining physicians. See, e.g., Lester v. Chater, 81 F.3d 821, 833 (9th Cir. 1995); Erickson v. Shalala, 9 F.3d 813, 818 n.7 (9th Cir. 1993). Reliance was not sole in the present case.

Also significantly, no physician opined Plaintiff is totally disabled from all employment. See Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993) (in upholding the Administration's decision, the Court emphasized: "None of the doctors who examined [claimant] expressed the opinion that he was totally disabled"); accord Curry v. Sullivan, 925 F.2d at 1130 n.1.

///

///

The vocational expert testified that a person having the limitations identified by the ALJ could perform jobs existing in significant numbers in the national economy (A.R. 68-71).[4] This testimony furnishes substantial evidence there exist significant numbers of jobs Plaintiff can perform. See Burkhart v. Bowen, 856 F.2d 1335, 1340 (9th Cir. 1988); see also Barker v. Secretary, 882 F.2d 1474, 1478-80 (9th Cir. 1989); Martinez v. Heckler, 807 F.2d 771, 775 (9th Cir. 1986); see generally 42 U.S.C. § 423(d)(2)(A).

To the extent the record contains any conflicting evidence, it was the prerogative of the ALJ to resolve the conflicts. See Lewis v. Apfel, 236 F.3d 503, 509 (9th Cir. 2001). Whenever the evidence "is susceptible to more than one rational interpretation," the Court must uphold the administrative decision. Andrews v. Shalala, 53 F.3d at 1039-40; accord Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997); see also Morgan v. Commissioner, 169 F.3d 595, 601 (9th Cir. 1999) (where medical reports are inconclusive, the resolution of conflicts in the evidence is the province of the Commissioner).

///

---

[4] The hypothetical question posed to the vocational expert did not include certain moderate mental limitations the ALJ found to exist. However, the ALJ reasonably found that these mental limitations did not significantly erode the relevant occupational base (A.R. 30-31). See Hoopai v. Astrue, 499 F.3d at 1077 ("[w]e have not previously held mild or moderate depression to be a significantly severe non-exertional limitation that significantly limits a claimant's ability to do work beyond the exertional limitation"); Landa v. Astrue, 283 Fed. App'x 556 (9th Cir. 2008) (failure to obtain expert testimony regarding depression-related limitations not erroneous where the limitations were mild or moderate).

**II. The ALJ Did Not Materially Err by Discounting Plaintiff's Credibility.**

Plaintiff argues that the ALJ erred in finding Plaintiff's subjective complaints less than fully credible. No material error occurred.

An ALJ's assessment of a claimant's credibility is entitled to "great weight." Anderson v. Sullivan, 914 F.2d 1121, 1124 (9th Cir. 1990); Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985). The discounting of a claimant's testimony regarding subjective symptoms must be supported by specific, cogent findings. See Lester v. Chater, 81 F.3d at 834; see also Berry v. Astrue, 622 F.3d 1228, 1234 (9th Cir. 2010) (reaffirming same); but see Smolen v. Chater, 80 F.3d 1273, 1282-84 (9th Cir. 1996) (indicating that ALJ must offer "specific, clear and convincing" reasons to reject a claimant's testimony where there is no evidence of malingering).[5] As discussed below, the ALJ stated sufficient reasons for deeming Plaintiff's subjective complaints less than fully credible.

///

---

[5] In the absence of an ALJ's reliance on evidence of "malingering," most recent Ninth Circuit cases have applied the "clear and convincing" standard. See, e.g., Chaudhry v. Astrue, 688 F.3d 661, 670, 672 n.10 (9th Cir. 2012); Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012); Taylor v. Commissioner, 659 F.3d 1228, 1234 (9th Cir. 2011); see also Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting earlier cases). In the present case, the ALJ's findings are sufficient under either standard, so the distinction between the two standards (if any) is academic. The Court observes, however, that the ALJ did cite possible evidence of malingering (A.R. 29).

The ALJ properly reasoned that the objective medical evidence did not support a level of physical or mental symptomatology that would prevent Plaintiff from working (A.R. 26-31). Although a claimant's credibility "cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor. . . ." Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001). Here, the medical evidence suggests Plaintiff's mental and physical problems have not been, and are not now, as profound as she has claimed.

In discounting Plaintiff's credibility, the ALJ properly cited the relatively conservative nature of the treatment Plaintiff has received for her allegedly disabling symptoms (A.R. 27-29). A conservative course of treatment may discredit a claimant's allegations of disabling symptoms. See Parra v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007), cert. denied, 552 U.S. 1141 (2008); Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (failure to request "any serious medical treatment for [claimant's] supposedly excruciating pain" was adequate reason to reject claimant's pain testimony); Johnson v. Shalala, 60 F.3d 1428, 1434 (9th Cir. 1995) (conservative treatment can suggest a lower level of both pain and functional limitation, justifying adverse credibility determination).

The ALJ also properly cited extended periods of time during which Plaintiff sought no medical treatment for her allegedly disabling symptoms (although some medical testing occurred during parts of these same time periods) (A.R. 28-29). In evaluating a claimant's credibility, an ALJ properly may consider "unexplained or inadequately

explained failure to seek treatment. . . ." Molina v. Astrue, 674 F.3d at 1112 (citations and quotations omitted); accord Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); Fair v. Bowen, 885 F.2d 597, 603-04 (9th Cir. 1989); see Fagundes v. Commissioner, 2001 WL 34043749 at *4 (D. Or. Sept. 10, 2001) ("[c]lear and convincing reasons for discrediting a claimant's testimony include . . . failure to seek treatment. . . ."). Plaintiff points out that Social Security Ruling 96-7p requires an ALJ to consider "any explanations that the individual may provide" for a failure to seek medical treatment. Contrary to Plaintiff's argument, however, the ALJ in the present case did consider the explanation provided by Plaintiff concerning a lack of insurance (A.R. 27). The ALJ found the explanation unpersuasive (id.). Under the circumstances, the ALJ was not required to accept Plaintiff's explanation as persuasive. See, e.g., Perez v. Astrue, 247 Fed. App'x 931, 934 (9th Cir. 2007); Flaten v. Secretary, 44 F.3d 1453, 1464 (9th Cir. 1995); Murphy v. Sullivan, 953 F.2d 383, 386-87 (8th Cir. 1992); but cf. Orn v. Astrue, 495 F.3d 625, 638 (9th Cir. 2007) (failure to obtain treatment did not support adverse credibility finding where the claimant explained the failure as having resulted from a lack of insurance and the ALJ failed to suggest that this explanation was "not believable").

The ALJ also cited the extent of Plaintiff's admitted daily activities (A.R. 27-29). Plaintiff argues that her admitted daily activities were not sufficiently extensive to support the discounting of her credibility on this basis. It is difficult to reconcile particular Ninth Circuit decisions upholding and striking down ALJs' rejections of claimants' credibility in reliance on the claimants'

daily activities. Compare Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005) with Vertigan v. Halter, 260 F.3d 1044, 1049-50 (9th Cir. 2001) and Gallant v. Heckler, 753 F.2d 1450, 1453-55 (9th Cir. 1984). Assuming arguendo that the ALJ's partial reliance on this consideration was improper, the ALJ's credibility determination nevertheless would stand. Under Carmickle v. Commissioner, 533 F.3d 1155, 1163 (9th Cir. 2008), the infirmity of one or two supporting reasons for an ALJ's credibility determination does not require overturning the determination if independently valid supporting reasons remain. Independently valid supporting reasons remain in the present case.

In sum, the ALJ stated sufficient reasons to allow this Court to conclude that the ALJ discounted Plaintiff's credibility on permissible grounds. See Moisa v. Barnhart, 367 F.3d 882, 885 (9th Cir. 2004). The Court therefore defers to the ALJ's credibility determination. See Lasich v. Astrue, 252 Fed. App'x 823, 825 (9th Cir. 2007) (court will defer to ALJ's credibility determination when the proper process is used and proper reasons for the decision are provided); accord Flaten v. Secretary of Health & Human Services, 44 F.3d at 1464.

///

///

///

///

///

///

///

**III. Plaintiff's Other Argument Are Unavailing.**[6]

Plaintiff contends the ALJ failed to consider whether Plaintiff's alleged headaches constitute a severe impairment. No material error occurred.

It is true that the ALJ never expressly mentioned Plaintiff's alleged headaches (A.R. 22-34). It is also true that, during the hearing before the ALJ, Plaintiff herself never mentioned her alleged headaches (A.R. 56-81). Furthermore, Plaintiff expressly denied any headaches when examined by an orthopedist in November of 2010 (A.R. 413). As Plaintiff appears to concede, any headaches would have been symptoms of other impairments the ALJ did expressly consider and find to be severe.[7] Thus, no material error occurred. See Foley v. Commissioner, 349 Fed. App'x 805, 808 (3d Cir. 2009) (ALJ's failure to mention headaches harmless where the ALJ considered the claimant's degenerative cervical condition and where the claimant failed to present credible evidence of any additional functional limitations allegedly resulting from the headaches); Jones v. Colvin, 2013 WL 6576052, at *5 (D. Or. Dec. 11, 2013) ("It is plaintiff's burden to

---

[6] The Court has considered all of Plaintiff's arguments and has found those arguments unpersuasive. The Court discusses Plaintiff's principal arguments herein.

[7] See Plaintiff's Motion at 4 ("[P]laintiff's headaches were part and parcel of injuries to the musculoskeletal system and/or to her emotional state. It would have been impossible, had the ALJ tried, to isolate the headaches from her other physical and mental impairments and find them non-severe, particularly since he found that the physical and mental impairments were severe").

show that his headaches had more than a minimal effect on his ability to perform work activities. . . . As plaintiff has not shown his headaches cause additional functional limitations not accounted for in the RFC, any step two error was harmless") (citations omitted); Collins v. Astrue, 2009 WL 112863, at *5 (W.D. Wash. Jan. 14, 2009) (error harmless "because there is no medical evidence in the record that plaintiff's headaches caused him any work-related limitations").

Plaintiff points out certain arguable mischaracterizations within the ALJ's summary of the evidence. Material mischaracterizations of the evidence may require remand. See, e.g., Regennitter v. Commissioner, 166 F.3d 1294, 1297 (9th Cir. 1999). However, the mischaracterizations in the present case were not material.

Plaintiff complains that the ALJ stated Plaintiff "testified she did not receive any mental health treatment" (A.R. 27). In fact, Plaintiff testified she was not "in mental health therapy" "at this time" and was not seeing a psychiatrist "now" (A.R. 80). This arguable mischaracterization in the ALJ's summary of the evidence did not misdirect the ALJ's analysis nor betray any failure to consider the scant mental health treatment Plaintiff did receive. In fact, the ALJ elicited testimony from Plaintiff that she had received some psychiatric treatment in the past (A.R. 79). The ALJ also inquired at the hearing concerning mental health records, and was told of the existence of records the ALJ had not yet seen (A.R. 75). The ALJ later received and considered these records, as evidenced by references in the ALJ's decision to records of Plaintiff's mental health treatment (A.R. 31; see A.R. 230 et al.).

Plaintiff also complains that the ALJ's decision says Plaintiff "testified she received an injection in her neck" when in fact Plaintiff testified she received one injection in her neck and four injections in her shoulders (A.R. 27, 77-78). The incompleteness of the ALJ's summary of Plaintiff's testimony in this regard had no impact on the decision. See generally Molina v. Astrue, 674 F.3d at 1115 ("an ALJ's error is harmless where it is inconsequential to the ultimate non-disability determination") (citations and quotations omitted); see also Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (ALJ need not discuss all evidence presented).

Plaintiff also takes issue with the ALJ's summary of Plaintiff's June 2010 function report. Some of Plaintiff's arguments concern differences of interpretation. To the extent the ALJ's summary omitted certain alleged limitations on activities, or stated certain activities in an unqualified rather than qualified manner, the errors were not material. As previously discussed, the ALJ properly found Plaintiff's subjective complaints less than fully credible based on several factors other than the Plaintiff's admitted daily activities.

Finally, Plaintiff argues that the ALJ's residual functional capacity did not properly account for Plaintiff's cervical spine strain. Actually, the ALJ did limit Plaintiff's residual functional capacity as a result of the impairments the ALJ found to be severe, including Plaintiff's cervical spine strain (A.R. 24-31). Given the medical evidence and the ALJ's credibility determination, the ALJ reasonably concluded that there existed no other restrictions on Plaintiff's capacity.

**CONCLUSION**

For all of the reasons discussed herein, Plaintiff's motion for summary judgment is denied and Defendant's motion for summary judgment is granted.[8]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: February 19, 2014.

_______________/S/____________________
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[8] The Court has considered and rejected each of Plaintiff's arguments. Neither Plaintiff's arguments nor the circumstances of this case show any "substantial likelihood of prejudice" resulting from any error allegedly committed by the Administration. See generally McLeod v. Astrue, 640 F.3d at 887-88 (discussing the standards applicable to evaluating prejudice); see also Molina v. Astrue, 674 F.3d at 1115 (an ALJ's error is harmless where it is inconsequential to the ultimate non-disability determination") (citations and quotations omitted).